Ex PARTE H. T. SCOTT.

No. 6668. Decided November, 1921.

**Habeas Corpus—Bail—Complaint—Indictment—Practice on Appeal.**

Where this court had granted bail on *habeas corpus,* which was denied by the District Judge, and after indictment was returned the district judge upon the same facts again denied bail, *held;* that whatever views the district judge may entertain personally, with reference to either the law or the facts, whenever this court has expressed its opinion, it is the duty of the lower court to respect it and bail is granted in the instant case.

Tried below before the Honorable H. F. Weldon. *Habeas corpus* proceedings denying bail.

The opinion states the case.

*Taylor, Allen, Muse & Taylor,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—H. T. Scott and Sewell Fields were being held by complaint under a charge of robbery. Upon *habeas corpus* hearing the district judge denied them bail, and upon appeal from that order bail was granted said parties in the sum of $7,500 each. (See No. 6644, Ex partes H. T. Scott, 90 Texas Crim. Rep., —; and Sewell Fields, 90 Texas Crim. Rep., —; opinion delivered October 16, 1921.)

On October 24, 1921, indictments were returned against these same parties upon the identical charge of robbery. They have again been denied bail by the district judge upon exactly the same state of facts which was presented to the court upon the former hearing. Attached to the statement of facts which is a copy of the one on file in the case on the other hearing we find the following agreement and certificate.

"It is hereby agreed and understood that the narrative form statement of facts now on file in the office of the Clerk of the Court of Criminal Appeals in the *habeas corpus* proceedings before indictment in these said causes is the full and complete record of the testimony submitted in presentation of *habeas corpus* now on file in these said causes, as no additional testimony was introduced, and may be used in these *habeas corpus* proceedings sued out after indictment in these said causes."

This is signed by the attorney for the State and relator, and also by the district judge. We cannot refrain from expressing our surprise that after this court had plainly indicated its views with reference to the case in question being bailabe, that they should again have found

their way before us with not a word or line of additional testimony than that on which we had based our former opinion. Whatever views the district judge may entertain personally with reference to either the law or facts, whenever this court has expressed its opinion with reference to a matter it is the duty of the trial judge to respect it, for in no other way can an orderly system of law be maintained.

The judgment of the trial judge denying relator bail is reversed, and he is ordered discharged pending trial upon entering into bail or recognizance, according to law, in the sum of $7,500.

*Bail granted.*